FILED: 12/29/2020 12:00 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 49262110
Reviewed By: Justin Rhodes

CAUSE NO. A200964-C_____

| | | |
|---|---|---|
| JAY BRINSON, KEELY STROTHER AND SCOTT LAWSON, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, § § § § § § | | IN THE DISTRICT COURT |
| PLAINTIFFS, | § § | |
| VS. | § § | 128th   JUDICIAL DISTRICT |
| KANSAS CITY SOUTHERN RAILWAY COMPANY, | § § § § | |
| DEFENDANT. | § | ORANGE COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL CLASS ACTION PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW PLAINTIFFS, JAY BRINSON, KEELY STROTHER AND SCOTT LAWSON, on behalf of themselves and all other similarly situated persons, and file this their Original Class Action Petition against Kansas City Southern Railway Company (hereinafter "Defendant" or "KCS"), and would respectfully show unto the Court the following:

**I.**
**NATURE OF THE CASE**

1. This is a class action brought on behalf of all persons, firms, and/or legal entities: (1) residing, maintaining a place of business, owning property, or employed within the geographic boundary of the mandatory evacuation zone indicated on the attached map,[1] (attached hereto as Exhibit "A") between October 29 and November 2, 2020, and (2) who have sustained legally cognizable damages arising or resulting from the train derailment and toxic chemical spill that occurred on October 29, 2020 in or near Mauriceville, Orange County, Texas.

---

[1] https://media.12newsnow.com/assets/KJAC/images/915b4cc5-b6c3-4e4e-8038-f5d6a7d02bc2/915b4cc5-b6c3-4e4e-8038-f5d6a7d02bc2_1920x1080.jpg

1

## II.
### PARTIES AND SERVICE

2. Plaintiff, Jay Brinson, is a resident of Orange County, Texas, who, at all relevant times and now, owns and operates an automotive shop, Jay's Automotive, located upon his place of residence at 9561 Texas Highway 62 North, Orange County, Texas 77632. Said residence and place of business is located within the shelter in place zone designated by the Orange County Office of Emergency Management as a result of the train derailment made the basis of this action. As part of the evacuation and shelter in place orders, the roads surrounding Plaintiff Brinson's residence and place of business were blocked off; consequently, Jay's Automotive was forced to remain closed from October 29 through November 2, 2020. As a result of the train derailment, Plaintiff Brinson suffered various damages, including but not limited to incurring approximately between $4,500 and $5,000 in business losses.

3. Plaintiff, Keely Strother, is a resident of Jasper, Texas, and is, and at all relevant times was, employed as a receptionist at the Mauriceville Medical Clinic, located at 11946 Texas Highway 62, Orange, Texas 77630. Plaintiff Strother's place of employment is located within the evacuation zone designated by the Orange County Office of Emergency Management as a result of the train derailment made the basis of this action. Consequently, the Mauriceville Medical Clinic was forced to remain closed for two (2) days, on October 29 and 30, 2020, during which time Plaintiff Strother was forced to be out of work. As a result of the train derailment, Plaintiff Strother suffered various damages, including but not limited to incurring approximately $200 in lost wages.

4. Plaintiff, Scott Lawson, is a resident of Orange County, Texas, who lives, and at all relevant times lived, in a mobile home upon property located at 19268 F.M. 1130 Orange, Texas 77632. The location of Plaintiff Lawson's residence is adjacent to the site of the train derailment

made the basis of this action. At the time of the derailment, Plaintiff Lawson was out on his yard feeding his chickens. Plaintiff Lawson witnessed the derailment. Upon witnessing the incident, he ran inside fearing for his safety. Due to the derailment, a downed electrical pole landed on Plaintiff Lawson's yard and a transformer fell onto the road facing his property, blocking his driveway. Plaintiff Lawson's residence is located within the evacuation zone designated by the Orange County Office of Emergency Management as a result of the train derailment. Consequently, Plaintiff Lawson was forced to evacuate his home for three (3) days, from October 29 through October 31, 2020. The force of the train derailment impact caused damages to the foundation of Plaintiff Lawson's brand new mobile home and a power outage. As a result of the train derailment, Plaintiff Lawson suffered various damages, including but not limited to incurring approximately $160 in unforeseen evacuation/lodging expenses and some $150 in spoiled food (due to the power outage), as well as property damage to the foundation of his mobile home.

5. Defendant Kansas City Southern Railway Company is a foreign for-profit corporation organized under the laws of the state of Missouri that does business in Texas and maintains numerous physical offices throughout the state of Texas. Service may be obtained by serving Defendant's registered agent for service of process, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201, by private process.

### III.
### MISNOMER, ALTER-EGO, & ASSUMED NAME

6. In the event that any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.

## IV.
### JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court because Plaintiffs are entitled to damages within the jurisdictional limits of this Court.

8. Venue is proper in Orange County, Texas, pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(1) because it is the county where all or a substantial part of the events or omissions giving rise to the claims herein occurred.

## V.
### DISCOVERY CONTROL PLAN

9. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery under Level 3.

## VI.
### FACTS

10. On October 29, 2020, Defendants KCS was operating a train consisting of 25 railcars carrying mixed freight, including loaded tank cars.

11. At around 7:30 a.m. the KCS train derailed near the intersection of Texas 62 and FM 1130 in Mauriceville, Orange County, Texas.

12. According to the Orange County Office of Emergency Management, during the derailment, five tank cars were breached, leaking their contents into the surrounding environment that authorities rushed to contain.

13. According to the Orange County Office of Emergency Management, the derailment forced the evacuation of approximately 600 individuals and the closure of numerous business, schools and roadways within a one-mile radius of the derailment and chemical spill, including Plaintiffs as stated herein. Evacuees were forced to find and pay for their own accommodations outside of the evacuation zone and businesses were forced to close, ceasing commercial

operations. The derailment also damaged electrical power lines in the area, leaving some 2,400 residents without power, according to the local utility company.

14. The mandatory evacuation area spanned the one-mile radius surrounding the derailment site; as cleanup progressed, the exclusion zone was later reduced to the area between FM 1130 at Len Drive East to Morvant Road; Texas State Highway 62 from Highway 12 South to FM 1078 was also closed during the cleanup by hazmat crews. The mandatory evacuation lasted from the early morning of October 29 to November 2, 2020.

## VII.
### CLASS ACTION ALLEGATIONS

15. Pursuant to Texas Rule of Civil Procedure 42, Plaintiffs bring this action as a class action on behalf of themselves and all members of the following Class of similarly situated persons and entities:

> All persons, firms or legal entities (1) residing, maintaining a place of business, owning property, or employed within the geographic boundary of the mandatory evacuation zone located in Mauriceville, Orange County, Texas, from October 29, 2020 through November 2, 2020, and (2) who have sustained legally cognizable damages arising or resulting from the train derailment and mandatory evacuation that occurred starting on October 29, 2020, in or near Mauriceville, Orange County, Texas.
>
> The geographic boundaries of the Class are as follows:
>
> The one-mile radius surrounding the train derailment site which occurred near the intersection of Texas State Highway 62 and FM 1130 in Mauriceville, Orange County, Texas, as designated by the Orange County Emergency Management Office.

16. Excluded from the Class is Defendant KCS as well as its agents and employees, Plaintiffs' attorneys and their employees, the Judge to whom the action is assigned, as well as any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

5

12/29/20 15:25:27 Orange Cty DC Scanned by Justin R.

17. Numerosity of the Class: The proposed Class is so numerous that joinder of all members of the Class is impracticable. The precise size of the class is unknown to Plaintiffs at this time, but upon information and belief, based on information from the Orange County Emergency Management Office, the mandatory derailment affected some 600 individuals, who are likely members of the proposed Class. The members of the Class can be readily identified from public records, and thus by the Plaintiffs, through minimally intrusive discovery.

18. Predominance of Common Questions of Fact and Law: There is a well-defined community of interest in that the questions of law and fact common to the Class predominate over questions affecting only individual Class Members and include, but are not limited to, the following:

   a. Whether Defendant caused and/or contributed to the derailment and subsequent chemical leak that led to the mandatory evacuation orders;

   b. Whether Defendant's actions were negligent;

   c. Whether Defendant acted maliciously or with reckless disregard to the risk of derailment and hazardous chemical spill; and

   d. The amount of damages Plaintiffs and the Class should receive for compensation.

Litigation of these common questions of law and fact will resolve the rights of all members of the Class and, consequently, will have binding effect on all members of the Class.

19. Typicality: Plaintiffs' claims are typical of the proposed Class because all members of the Class have suffered similar harm as a result of the mandatory evacuations and stay in place orders proximately caused by Defendant's actions—specifically, economic losses derived from the forced evacuations, business closures and property damages resulting from the train derailment made the basis of this action. For instance, as described herein, Plaintiff Brinson sustained between $4,500 and $5,000 in business losses due to the forced closure of his auto

repair shop during the duration of the subject mandatory evacuation and stay in place orders. Upon information and belief, Plaintiff Brinson's business loss damages are typical of the damages sustained by any of the approximately 600 putative class members that were business owners and sustained business losses during the duration of the subject mandatory evacuation and stay in place orders. Also, as described herein, Plaintiff Strothers sustained approximately $200 in lost income due to the forced closure of her place of employment during the duration of the subject mandatory evacuation and stay in place orders. Upon information and belief, Plaintiff Strother's lost income damages are typical of the damages sustained by any of the approximately 600 putative class members that suffered lost income during the duration of the subject mandatory evacuation and stay in place orders. In addition, as described herein, Plaintiff Lawson sustained approximately $160 in evacuation/lodging expenses as well as some $150 in spoiled food (due to the power outage). Upon information and belief, Plaintiff Lawson's evacuation/lodging expenses and spoiled food damages are typical of the damages sustained by any of the approximately 600 putative class members that resided within the mandatory evacuation zone, who were forced to secure and pay for their own lodging upon evacuation and lost power in their residences due to the derailment made the basis of this action[2].

20. Adequacy of Representation: Plaintiffs and their counsel will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs do not have any interests antagonistic to those of the proposed Class. Plaintiffs have retained counsel competent and experienced in complex litigation of this type. Plaintiffs and their counsel are committed to prosecuting this action vigorously and have the financial resources to do so.

---

[2] Plaintiffs note that the total amount in controversy in the present action is below $5,000,000; even in the unlikely event that the approximately 600 putative class members all sustained all three types of economic losses typical in the present case (business losses, lost income and lodging/evacuation expenses), the total amount in controversy would nonetheless still be well below $5,000,000. As such, removal of this action to federal court, under the Class Action Fairness Act, would be improper.

21. Superiority: A class action is a superior method for the fair and efficient adjudication of this controversy. Plaintiff and Class Members have been harmed as a direct and proximate result of Defendant's above-described wrongful actions. Litigating this case as a class action is appropriate because: (1) It will avoid a multiplicity of suits and the corresponding burden on the courts and Parties; (2) it would be virtually impossible for all Class Members to intervene as parties in this action; (3) it will allow numerous persons with claims too small to adjudicate on an individual basis because of the prohibitive litigation costs to obtain redress for their injuries; (4) it will avoid the possibility of inconsistent rulings; and (5) it will provide court oversight of the claims process once Defendant's liability is adjudicated.

22. Certification, therefore, is appropriate under TEX. R. CIV. P. 42(b)(3) because the above-described common questions of law or fact predominate over any questions affecting individual Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

23. Alternatively, certification is appropriated under TEX. R. CIV. P. 42(b)(1) because the prosecution of separate actions by individual Class Members would create a risk of either (1) inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for the Defendant, or (2) adjudications with respect to individual Class Members that would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

24. Absent a class action, Defendant will retain the benefits of its wrongdoing despite violating the law and inflicting substantial damages on Plaintiffs and Class Members.

PLTFS' ORIGINAL CLASS ACTION PETITION

## VIII.
### C<small>OUNT</small> O<small>NE</small>: N<small>EGLIGENCE</small>

25. Plaintiffs hereby incorporate by reference each and every allegation set forth above.

26. Defendant KCS had a duty of care to the Plaintiffs and Class Members to operate, maintain, inspect, and repair the trains and the railroad tracks upon which toxic and hazardous chemicals are transported to prevent train derailments and the resulting contamination and release of hazardous chemicals, leading to the mandatory evacuation made the basis of this lawsuit.

27. Defendant knew or should have known of the dangers of the failure to operate, maintain, inspect, and repair trains and the railroad tracks in a proper manner and that said failure could reasonably lead to a breach of this duty resulting in the damages incurred by Plaintiffs and Class Members.

28. The damages suffered by Plaintiffs and the Class Members were caused by the negligence of Defendants, including but not limited to:

   a. Failing to properly design the railroad track;

   b. Failing to properly inspect and maintain the railroad track and the train cars for the operations being conducted during the ordinary course of business;

   c. Failing to ensure the railroad track, train cars and attending equipment were free from defects and/or in proper working order;

   d. Acting in a careless and negligent manner without due regard for the safety of others;

   e. Failing to properly train their personnel;

   f. Failing to take appropriate actions to avoid or mitigate the derailment at bar;

   g. Failing to react to danger signs; and

   h. Such other acts of negligence and omissions as will be discovered and shown at trial in this matter.

29. Plaintiffs and the Class Members also specifically plead the doctrine of *res ipsa loquitor*. The character of the derailment and toxic spill in the present case is such that it would not ordinarily happen in the absence of negligence, where the acts or omissions of the Defendant's equipment and personnel that led to the spill were under the control of Defendant at all relevant times.

30. As a direct and proximate result of Defendant's acts or omissions set forth herein, Plaintiffs and the Class Members have suffered damages resulting from the forced evacuation of their homes and/or businesses located within the mandatory evacuation area made the basis of this lawsuit, in an amount to be determined by the trier of fact.

## IX.
## COUNT TWO: GROSS NEGLIGENCE

31. Plaintiffs hereby incorporate by reference each and every allegation set forth above.

32. The actions of Defendant KCS, as described herein, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, where Defendant was aware of the risks involved in transporting hazardous chemicals while operating its railway tracks and trains in a negligent manner, and nonetheless proceeded with conscious indifference to the rights, safety and welfare of others, including Plaintiffs and the Class Members.

33. Defendant had a heightened duty of care to all Plaintiffs and the Class Members because of the great danger associated with transporting hazardous chemicals and the especially high risk that a derailment could lead to a toxic chemical spill such as that which occurred in the present case.

34. As a direct and proximate result of Defendant's grossly negligent conduct, Plaintiffs and the Class Members have suffered injuries, and are thereby entitled to exemplary damages in an

amount to be determined by the trier of fact.

## X.
### COUNT THREE: NEGLIGENCE *PER SE*

35. Plaintiff hereby incorporates by reference each and every allegation set forth above.

36. Defendant KCS's conduct with regard to the inspection, maintenance, repair and/or operation of the railway, railcars and attending instrumentalities is governed by numerous state and federal laws, and permits issued under the authority of these laws.

37. These laws and permits create statutory standards that are intended to protect and benefit Plaintiffs and the Class Members.

38. Defendant's violations of these statutory standards constitute negligence *per se* under applicable law.

39. Defendant's violations of these standards proximately caused Plaintiffs' and the Class Members' damages, warranting compensatory damages.

## XI.
### COUNT FOUR: VICARIOUS LIABILITY

40. Plaintiff hereby incorporates by reference each and every allegation set forth above.

41. Defendant KCS is legally responsible to Plaintiffs and Class Members for the negligent conduct of its employees, agents, servants and representatives under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because these individuals were at all times material hereto agents, ostensible agents, servants and/or employees of Defendant KCS, and were acting within the course and scope of such agency, servitude or employment.

42. As a result thereof, Defendant KCS is vicariously liable for all negligence of its employees, agents, servants and representatives.

PLTFS' ORIGINAL CLASS ACTION PETITION

## XII.
### PRAYER FOR RELIEF

43.   WHEREFORE, Plaintiffs, Jay Brinson, Keely Strother and Scott Lawson, on behalf of themselves and all those similarly situated, respectfully request:

1)   That Defendants be duly cited to appear and answer herein:

2)   That the Court enter an order certifying this action as a class action;

3)   That the Court enter an order appointing Plaintiffs as Class Representatives, and appointing undersigned counsel as Class Counsel to represent the Class;

4)   Money damages;

5)   Exemplary and punitive damages,

6)   Prejudgment and post-judgment interest; and

7)   All other relief to which Plaintiffs may show themselves and the Class to be justly entitled and this Court deems proper under the circumstances.

Respectfully submitted,

**BRENT COON & ASSOCIATES**
300 Fannin St.
Suite 200
Houston, Texas 77002
Phone: (713) 225-1682
Fax: (713) 225-1785

By:   /s/ Brent W. Coon
      Brent W. Coon
      Texas Bar No. 04769750
      Brent@bcoonlaw.com
      Sidney Robert
      Texas Bar No. 24074968
      Sidney.Robert@bcoonlaw.com

**AND**

**THE CARLSON LAW FIRM, P.C.**
1717 N. Interstate 35, Suite 305
Round Rock, Texas 78664
Phone: (512) 671-7277
Fax:     (512) 238-0275

By:   /s/ *John R. Fabry*
      John R. Fabry
      Texas Bar No. 06768480
      JFabry@carlsonattorneys.com
      Luis Muñoz
      Texas Bar No. 24081056
      LMunoz@carlsonattorneys.com

**ATTORNEYS FOR PLAINTIFFS**

# EXHIBIT "A"

